**JING HUA LIU, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General,\* Respondent.**

No. 08–3525–ag.

United States Court of Appeals, Second Circuit.

Aug. 6, 2009.

Romben Aquino, Ferro & Cuccia, New York, NY, for Petitioner.

Gregory S. Katsas, Assistant Attorney General; Barry J. Pettinato, Assistant Director; Tim Ramnitz, Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: DENNIS JACOBS, Chief Judge, JON O. NEWMAN, and PIERRE N. LEVAL, Circuit Judges.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

## SUMMARY ORDER

Jing Hua Liu, a native and citizen of the People's Republic of China ("China"), seeks review of a June 25, 2008 order of the BIA, reversing the May 17, 2006 decision of Immigration Judge ("IJ") Terry A. Bain, which granted her application for asylum. *In re Jing Hua Liu,* No. A097 486 084 (B.I.A. June 25, 2008), *rev'g* No. A097 486 084 (Immig. Ct. N.Y. City May 17, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA does not adopt the decision of the IJ to any extent, we review only the decision of the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). We review the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir.2008). We review *de novo* questions of law and the application of law to undisputed fact. *See Salimatou Bah v. Mukasey,* 529 F.3d 99, 110 (2d Cir.2008).

We conclude that the agency did not err in denying Liu's application for asylum, withholding of removal, and CAT relief. As the BIA found, Liu failed to identify any evidence showing that she would face harm amounting to persecution because of the birth of her children in the United States. *See Jian Hui Shao v. Mukasey,* 546 F.3d 138, 174 (2d Cir.2008) (finding no error in the three-step evidentiary analysis employed by the BIA for claims based on the birth of more than one child). The BIA reasonably found based on this record that the Chinese government does not physically compel sterilization but rather seeks to secure compliance with its family planning goals by imposing economic and social sanctions as an alternative to sterilization, and that such sanctions do not rise to the level of persecution. *See id.* at 164 (finding that the BIA reasonably concluded that the economic rewards and penalties used to implement the family planning policy in Fujian Province did not necessarily amount to "physical or mental coercion"). While we have recognized that, in some circumstances, "severe economic penalties could be as effective as physical pressure in forcing an involuntary sterilization," the record evidence in this case did not compel the BIA to find a reasonable possibility of the imposition of penalties amounting to economic persecution upon the petitioner's return to China. *Id.* at 161–62.

Although Liu argues that remand is warranted for further factfinding, we will not remand for the BIA to consider extra-record evidence. *See* 8 U.S.C. § 1252(b)(4)(A); *Xiao Xing Ni v. Gonzales,* 494 F.3d 260, 269–70 (2d Cir.2007).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).